**UNITED STATES of America**

v.

**Gregory SCARPA, Jr., Kevin Granato, Cosmo Catanzano, Mario Parlagreco, William Melo, Joseph Savarese, Nunzio Decarlo, Letterio Decarlo and John Parlagreco.**

**No. CR–87–760 (S–2).**

United States District Court, E.D. New York.

Aug. 12, 1988.

---

Valerie Caproni, Asst. U.S. Atty., Brooklyn, N.Y., for plaintiff.

Stanley Meyers, Richard A. Rehbock, Ivan Fisher, New York City, Larry Bronson, Bayonne, N.J., Edward Rappaport, Susan G. Kellman, New York City, Allan L.

Brenner, Brooklyn, N.Y., David Ely, New York City, for defendants.

## MEMORANDUM

GLASSER, District Judge:

The indictment in this case was initially filed on November 24, 1987. Superseding indictments were filed on December 23, 1987 and January 27, 1988. The indictments named nine defendants, one of whom was and continued to be a fugitive. Of the remaining eight, five were continuously represented by privately retained counsel. One of the other three was represented by private counsel who filed a notice of appearance on December 30, 1987. Approximately four months later, that defendant filed an affidavit of indigency and his lawyer was assigned to represent him under the Criminal Justice Act (CJA) to avoid the delay the appointment of new CJA counsel would inevitably cause given the complexity of the case and the voluminous discovery materials with which original counsel was already familiar. Another defendant retained counsel who appeared on December 8, 1987 and was subsequently appointed pursuant to the CJA for the same reason. The last of the three was represented by counsel who, although substituted for assigned counsel on January 14, 1988 and continued to function as counsel in a private capacity, it is assumed, was also appointed pursuant to the CJA, for the same reasons, on May 6, 1988.

■ Shortly after the trial commenced, a request was made of the court by one of the CJA attorneys for daily transcripts of the proceedings. Reluctant to grant the request at first, the court's attention was directed to *United States v. Bari*, 750 F.2d 1169 (2d Cir.1984) in which a similar request was denied by the trial court and that denial was claimed to be error on appeal. The court held that it is an abuse of discretion to decline either to order such transcripts or to make other provision for access to them when the government is receiving daily transcripts. "The government's need for such transcripts should be regarded as conclusive evidence of a similar need by the defendants under [18 USC]

§ 3006A." 750 F.2d at 1182. The court went on to decide that the refusal to provide daily transcripts was error but absent a showing by the defendant of any actual harm as a result of the denial of his request, reversal, said the court, was not warranted. In the light of *Bari*, daily transcripts at government expense was provided.

■ The right of an indigent defendant to a daily transcript is not guaranteed by the Constitution. The failure to provide it at government expense violates neither the due process nor the equal protection clause. *United States v. Sliker*, 751 F.2d 477, 491 (2d Cir.1984). In *Sliker*, the government and a co-defendant received daily copy of the transcript and Sliker, the indigent defendant, did not, although the government and the co-defendant made their transcripts of daily copy available to his lawyer. The denial of Sliker's request, on the facts of that case was not, the court decided, an abuse of discretion.

The logical validity of the holding, in *Bari*, that the government's need for daily transcripts is conclusive evidence of a similar need by the defendants, may be questioned in the context of this case in which not one of the five defendants who were represented by privately retained counsel ordered daily transcripts. Assuming the financial ability of a co-defendant to pay his privately retained lawyer's fee but not the additional substantial expense of daily transcripts which a lengthy trial would entail, gives rise to the anomalous result that the defendant represented by CJA counsel is in a better position than his co-defendant represented by retained counsel. The authority of *Bari* will, in any event, be obeyed.